**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, and DANIEL R. WILLIAMS, in his official capacity as a fiduciary, 7234 Parkway Drive Hanover, MD 21076 | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| v. | ) ) | |
| HOSEK CONTRACTORS, INC. d/b/a EASTERN PAINTING COMPANY d/b/a EASTERN PAINTING CO. 339 West Jefferson Street Syracuse, NY 13202 | ) ) ) ) ) ) | |
| and | ) ) | |
| FRANCIS L. HOSEK a/k/a FRANK L. HOSEK 165 de Palma Avenue Syracuse, NY 13204 | ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain as follows.

**JURISDICTION**

1.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132, 1145; 29 U.S.C. §185(a); and/or 28 U.S.C. §1331.  The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2.     A copy of this Complaint is being served on the Secretary of Labor and the

Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C.

§1132(h) .

**VENUE**

3.     Venue lies in the District of Maryland under 29 U.S.C. §1132(e)(2), 29 U.S.C.

§185(a) and/or 28 U.S.C. §1391(b).

**PARTIES**

4.     Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund"

or "Pension Fund") is a trust fund established under 29 U.S.C. §186(c)(5).  Its Trustees are the

"named fiduciary," "plan administrator" and "plan sponsor" and each is an individual

"fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), (21), for the International

Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and

Allied Trades Industry Annuity Plan ("Annuity Plan").

5.     The Pension Plan is a "multiemployer plan," "employee benefit plan" and

"employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which

is administered and has its principal place of business in this district at the address for the Fund

in the caption of this Complaint.  The Pension Plan is also known as and referenced as

"I.U.P.A.T. Industry Pension Fund" and/or "IUPAT Pension" in the Labor Agreements relating

to this complaint.

6.     The Annuity Plan is a "multiemployer plan," "employee benefit plan" and

"employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which

is administered and has its principal place of business in this district at the address for the Fund

in the caption of this Complaint.  The Annuity Plan is also known as and referenced as

"I.U.P.A.T. Annuity Fund" and/or "IUPAT Annuity" in the Labor Agreements relating to this

complaint.

7.      Plaintiff, Daniel R. Williams ("Williams" and, together with "Fund," "Plaintiffs") is a

fiduciary of the Funds within the meaning of 29 U.S.C. §1002(21) with respect to collection of

contributions due the Funds and related matters. He has a business address as listed in the caption

and is authorized to bring this action on behalf of all Trustees of the Fund and the Funds as

organizations.

8.      The Fund and Williams are authorized collection fiduciary(ies) and agent(s) for:

    (a)     the Pension Plan and

    (b)     the Annuity Plan,

9.      The Fund and Williams, in their capacity as authorized collection fiduciary(ies)

and agent(s) sue on behalf of the Pension Plan and the Annuity Plan.

10.     The Fund, Pension Plan, and Annuity Plan, are jointly or severally referenced as

the "ERISA Funds" and/or "Funds."

11.     Defendant, Hosek Contractors, Inc. d/b/a Eastern Painting Company d/b/a Eastern

Painting Co. ("Company") is a New York domestic business corporation and an employer in an

industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5),

(11) and (12) with a business office at the address listed in the caption.  The Company does

business with the Fund that is sufficient to create personal jurisdiction over the Company in this

district and a substantial part of the events or omissions giving rise to the claim occurred from

transactions with the Funds' office(s) in this district.

12.     Defendant, Francis L. Hosek a/k/a Frank L. Hosek ("Hosek" and together with Company, "Defendants") is an individual and an owner, officer, agent or managing agent of Company with a business or residential address as listed in the caption. Hosek executed a Promissory Note ("Note") and Personal Guarantee ("Guarantee) and is personally liable to the Funds for the debts and obligations of the Company. True and correct copies of the Note and Guarantee are attached as Exhibit 4.

## COMMON FACTS

13.     At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"). A true and correct copy of the cover page, table of contents, contribution provisions and joinder or signature page of the Labor Contract is attached as Exhibit 1.

14.     The Company also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds. A true and correct copy of the Trust Agreement for the Fund is attached as Exhibit 2. True and correct copies of the cover page, table of contents, §§3.08, 10.07, 10.08, and 10.11 and signature page of the Pension Plan are attached as Exhibit 3, and the Annuity Plan has parallel terms.

15.     Under the Labor Contracts, Trust Agreement, plan documents of the ERISA

Funds or other documents, the Company agreed:

(a)     To make full and timely payment on a monthly basis to the Funds, as

required by the Labor Contracts, Trust Agreement and plan documents. Ex. 2, p.15 (Art.VI, §2);

Ex. 3, §10.07.

(b)     To file monthly remittance reports with the Funds detailing all employees

or work for which contributions were required under the Labor Contract. Ex. 2, pp.15-16

(Art.VI, §§3, 5).

(c)     To produce, upon request by the Funds, all books and records deemed

necessary to conduct an audit of the Company's records concerning its obligations to the Funds

and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement

or Plan. Ex. 2, pp.16-17 (Art.VI, § 6).

(d)     To pay liquidated damages, interest, audit costs, and all costs of litigation,

including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of

the Company's failure to comply with its contractual and statutory obligations described in

Subparagraphs (a), (b) and (c). Ex. 2, pp. 16-17 (Art.VI, §§4, 6); Ex. 3, §§10.07, 10.11.

16.     In order to resolve the delinquency, on or about February 11, 2014, Hosek signed

a Promissory Note ("Note") on behalf of Company pursuant to which the Funds and Company

agreed that Company owed the Fund $82,730.32 in contributions, interest and liquidated

damages for the period April 2013 through January 2013  The parties agreed that Company

would pay the Fund a settlement sum of $69,065.27 in nine (9) consecutive monthly

installments.

17.     As part of the settlement, Hosek, also signed a Personal Guarantee ("Guarantee") pursuant to which he accepted liability for all amounts Company owed to the Funds under the terms of the Note.  A true and correct copy of the Note and Guarantee is attached as Exhibit 4. The Note and Guarantee are agreements described in 29 U.S.C. §185(a).

18.     Defendants made three payments on the Note.  On or about May 20, 2014, Hosek contacted the Funds and requested an extension of the original agreement to reduce the monthly payment amount.  The Funds amended the original Note and extended the payment agreement from nine monthly payments to a total of twelve monthly payments total.  A true and correct copy of the Amended Note is attached as Exhibit 5.

19.     Company defaulted on the Note by failing to submit the sixth settlement installment and by failing to submit remittance reports and contributions for the month of June 2014.

20.     Company and Hosek are in default of their obligations under the Note and Guarantee and have been provided with all required notices.

21.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### ERISA FUNDS

### v.

### COMPANY

22.     The allegations of Paragraph 1 through 21 are incorporated by reference as if fully restated.

23.     Based on information currently available to the ERISA Funds, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from September 2013 through June 2014 in at least the sum of $67,199.43 in violation of 29 U.S.C. §1145, as detailed on the attached Exhibit 6.

24.     The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against Company in favor of the Plaintiffs, for the benefit of the ERISA Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, plan documents of the ERISA Funds, and 29 U.S.C. §1132(g)(2).

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - AUDIT

### PLAINTIFFS

### v.

### COMPANY

25.     The allegations of Paragraphs 1 through 24 are incorporated by reference as if fully restated.

26.     The amount of contributions the Company is required to pay to the Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

27.     The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

28.     Computation of the precise amount of an employer's delinquency is best achieved by an audit of the employer's books and records to compare them to contractually-required remittance reports submitted by the employer.

29.     No audit of the Company's books and records has been performed.

30.     The Company is required by the Labor Contracts, Trust Agreements, plan documents of the ERISA Funds and/or applicable law to permit the Funds to audit its records, to cooperate in determining the contributions due the Funds and to pay the cost of the audit if found to be delinquent.

31.     The Funds and their fiduciaries or officers are adversely affected or damaged by the lack of an audit as, among other things, they have a duty to audit and confirm amounts due from contributing employers.

32.     The Funds and their fiduciaries or officers have no adequate remedy at law for lack of an audit as the calculation of any damages suffered as a result of the breach requires an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2)     Order the Company to pay for an audit by a Certified Public Accountant chosen by the Funds, and

(3)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### ERISA FUNDS

### v.

### COMPANY

33.     The allegations of Paragraphs 1 through 32 are incorporated by reference as if fully restated.

34.     On information and belief, the Company has failed to make contributions to the ERISA Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

35.     The ERISA Funds are adversely affected or damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     After an audit, enter judgment against the Company in favor of Plaintiffs, for the benefit of the Funds, for the contributions found due and owing by the audit, together with interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan and 29 U.S.C. §1132(g)(2).

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER PROMISSORY NOTE/

## PERSONAL GUARANTEE

### PLAINTIFFS

### v.

### DEFENDANTS

36.     The allegations of Paragraphs 1 through 35 are incorporated by reference as if fully restated.

37.     The Defendants have not paid the Funds as required by the Note and Guarantee.

38.     Plaintiffs have been damaged as a proximate result of Defendants' breach of the Note and Guarantee.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against the Defendants and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain of $67,199.43 currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### PLAINTIFFS

### v.

### COMPANY

39.     The allegations of Paragraphs 1 through 21 are incorporated by reference as if fully restated.

40.     The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or plan documents of the ERISA Funds.

41.     Based on information currently available to the Plaintiffs, Company has failed to pay amounts due under the Labor Contracts, Trust Agreements and Plan from September 2013 through June 2014 in at least the sum of $67,199.43, as detailed on the attached Exhibit 6.

42.     Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VII - CONTRIBUTIONS UNDER CONTRACT – AFTER AUDIT

### PLAINTIFFS

### v.

### COMPANY

43.    The allegations of Paragraphs 1 through 32 are incorporated by reference as if fully restated.

44.    Plaintiffs are damaged as a proximate result of the breach of the Labor Contract and its incorporated documents by Company with respect to any amounts found due in an audit.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)    Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contract and Trust Agreements.

(2)      Grant such other or further relief, legal or equitable, as may be just, necessary or

appropriate.

                                        Respectfully submitted,


August 26, 2014                          /s/ JUDITH A. SZNYTER
Date                                     Judith A. Sznyter
                                         Bar No. 29743
                                         Jennings Sigmond, P.C.
                                         The Penn Mutual Towers, 16th Floor
                                         510 Walnut Street
                                         Philadelphia, PA 19106
                                         Phone: (215) 351-0641
                                         Fax: (215) 922-3524

                                         Jessica L. Reynolds*
                                         Jennings Sigmond, P.C.
                                         510 Walnut Street, 16th Floor
                                         Philadelphia, Pennsylvania 19106

                                         Attorneys for Plaintiffs


*Application for Pro Hac Admission of Jessica L. Reynolds shall be made at the appropriate
time.